FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 18 2020 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
**LAQUAN JONES,**

                Plaintiff,

      - against -

**THE UNITED STATES,**

                Defendant.
----------------------------------------------------------X

**MEMORANDUM & ORDER**
20-CV-693 (AMD)(SJB)

**ANN M. DONNELLY, United States District Judge:**

On January 31, 2020, the *pro se* plaintiff brought this civil rights action. In the complaint, which is captioned for the United States Court of Federal Claims and names the United States as the only defendant, the plaintiff alleges that members of the New York City Police Department violated the plaintiff's rights during a January 7, 2016 arrest, and that the Queens District Attorney's Office maliciously prosecuted him for a year thereafter. The plaintiff's application to proceed *in forma pauperis* is granted. The complaint is dismissed with leave to file an amended complaint within 30 days of the date of this order.

## BACKGROUND

On January 7, 2016, unknown NYPD officers arrested the plaintiff "without cause or proper warrant" at his home in East Elmhurst, Queens. (ECF No. 1.) The plaintiff was arraigned and transferred to Rikers Island, where he was "subjected to non-consensual offensive touching by members of the NYPD and the New York City Department of Corrections." (*Id.* at 1-2.) He remained in custody until April 22, 2016, and the case against him was dismissed on January 30, 2017. (*Id.*) He claims that while he was incarcerated, "the State of New York, the City of New York, and the NYPD caused, allowed, permitted and condoned the release of defamatory and libelous statements[,]" and that his "arrest was based upon unreliable and inconsistent statements

by complainants and a highly suggestive identification procedure." (*Id.* at 2-3.) The plaintiff seeks an opportunity to tell his "side of the story" and an unspecified settlement. (*Id.* at 7.)

## STANDARD OF REVIEW

Because the plaintiff is proceeding *pro se*, his pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Even under that standard, his complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint fails to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Under 28 U.S.C. § 1915(e)(2)(B), which allows poor plaintiffs to file lawsuits without paying the usual filing fee, a district court must dismiss a case when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

## DISCUSSION

The plaintiff alleges violations of his constitutional rights, which are cognizable under 42 U.S.C. § 1983. To maintain a § 1983 action, a plaintiff must allege two essential elements; "the conduct complained of must have been committed by a person acting under color of state law," and "must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). A plaintiff must show that each named defendant is personally liable for the alleged harm. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006).

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A municipality can be liable under section 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *see also Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011), *cert. denied*, 565 U.S. 1259 (2012) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (citation and internal quotation marks omitted)).

The plaintiff has named only the United States as a defendant in this case, but he has not alleged that the federal government or any federal official is responsible for his alleged constitutional injuries. Accordingly, the United States is dismissed as a defendant.

## LEAVE TO AMEND

In light of the plaintiff's *pro se* status, the Court grants him leave to amend the complaint to identify the individual or individuals whom the plaintiff believes are responsible for the

alleged deprivation of his constitutional rights. If plaintiff does not know the names and badge numbers of the individuals who were involved in his arrest, prosecution and detention, he should identify each of them as John Doe Police Officer #1, and the like, and include any information or physical description that can be used to identify them. The plaintiff should provide details about each alleged constitutional deprivation; for example, he should explain the circumstances of his arrest and prosecution. Moreover, the plaintiff filed his complaint on January 31, 2020—over three years after the alleged conduct took place. "Section 1983 actions filed in New York are . . . subject to a three-year statute of limitations." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). Accordingly, the plaintiff should explain why he filed his suit more than three years after the arrest.

## CONCLUSION

The plaintiff's claims against the United States are dismissed for failure to state a claim on which relief may be granted. The Court grants the plaintiff leave to file an amended complaint within 30 days of the date of this order. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this order: 20-CV-693 (AMD)(SJB). If the plaintiff does not file an amended complaint within thirty days, the complaint will be dismissed with prejudice. The plaintiff is reminded that an amended complaint completely replaces all prior pleadings; in other words, the plaintiff should include all relevant information in the amended complaint because the Court will not rely on his first complaint. No summons will issue at this time, and all further proceedings shall be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                s/Ann M. Donnelly
                                          _____
                                          ANN M. DONNELLY
                                          United States District Judge

Dated: Brooklyn, New York
       March 18, 2020