UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
**LAQUAN JONES**,

                Plaintiff,                        **MEMORANDUM & ORDER**
                                                                              20-CV-693 (AMD) (SJB)

       - against -

**ROBERTO ASCENCIO; NYPD Warrant
Squad JOHN DOE #1; NYPD Warrant
Squad JOHN DOE #2; NYPD Warrant
Squad JOHN DOE #3; NYPD Warrant
Squad JOHN DOE #4; KIRK SENDLEIN**,
Assistant District Attorney; **RICHARD A.
BROWN**, Queens District Attorney,

                Defendants.
-----------------------------------------------------------X
**ANN M. DONNELLY**, United States District Judge:

      On January 31, 2020, the *pro se* plaintiff commenced this action alleging that members of the New York City Police Department ("NYPD") and the Queens District Attorney's Office violated his civil rights. (ECF No. 1.) Because the complaint named the United States as the sole defendant, the Court dismissed the complaint on March 18, 2020, for failure to state a claim upon which relief can be granted. (ECF No. 4.) The plaintiff was given 30 days to file an amended complaint identifying the individual or individuals believed to be responsible for the alleged deprivation of his constitutional rights. The plaintiff did not file an amended complaint or otherwise respond to the order, so the action was dismissed on April 29, 2020. However, the next day, April 30, 2020, the plaintiff filed an amended complaint alleging false arrest and malicious prosecution against seven individual defendants. (ECF No. 6.) On May 12, 2020, the Court accepted the plaintiff's late filed amended complaint and reopened the action. The plaintiff's claims against Assistant District Attorney Kirk Sendlein and former Queens District Attorney Richard Brown are dismissed. The plaintiff's claims against NYPD Detective Roberto

Ascencio, NYPD Warrant Squad John Doe #1, NYPD Warrant Squad John Doe #2, NYPD Warrant Squad John Doe #3 and NYPD Warrant Squad John Doe #4 will proceed.

## BACKGROUND

On January 7, 2016, NYPD Detective Roberto Ascencio, NYPD Warrant Squad John Doe #1, NYPD Warrant Squad John Doe #2, NYPD Warrant Squad John Doe #3 and NYPD Warrant Squad John Doe #4 arrested the plaintiff inside his home in East Elmhurst, Queens "without cause or proper warrant," and charged him with robbery in the first degree. (ECF No. 6 at 7.)[1] According to the plaintiff, Assistant District Attorney Kirk Sendlein and then Queens District Attorney Richard Brown requested that he be held on "excessive bail," and the plaintiff was held at Rikers Island until April 22, 2016. (*Id*. at 7-8.) On January 30, 2017, the criminal case against the plaintiff was dismissed. (*Id*.) The plaintiff seeks $10 million in damages. (*Id*. at 13.)

## STANDARD OF REVIEW

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Because the plaintiff is proceeding *pro se*, his pleadings are held to less stringent standards than pleadings drafted by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). However, even a *pro se* complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[1] All referenced page numbers correspond to those generated by the Court's Electronic Case Filing system.

2

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  If a liberal reading of the pleading "gives any indication that a valid claim might be stated," the court must grant leave to amend it at least once.  *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (quotation marks omitted).

## DISCUSSION

The plaintiff's claims against Assistant District Attorney Kirk Sendlein and former Queens District Attorney Richard Brown must be dismissed.[2]  As prosecutors, they are entitled to absolute immunity for acts within the scope of their duties as advocates in the prosecutorial process.  *Santulli v. Russello*, 519 F. App'x 706, 711 (2d Cir. 2013); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 69 (2d Cir. 2019) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)) ("Absolute immunity bars § 1983 suits against prosecutors for their role 'in initiating a prosecution and in presenting the State's case.'").  Immunity attaches "regardless of any allegations that [the prosecutor's] actions were undertaken with an improper state of mind or improper motive."  *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005); *see also Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (same).

---

[2] District Attorney Brown died in 2019, which is additional reason for dismissal.

The plaintiff does not allege, nor do any facts alleged suggest, that ADA Sendlein or DA Brown acted outside the scope of their duties in prosecuting the case against him.  Thus, they are immune from suit in this action.  Additionally, the plaintiff has not alleged that Brown was personally involved in any purported violation of his constitutional rights.  Because there is no supervisory liability under Section 1983, the plaintiff's claim against Brown fails for this reason as well.  *See, e.g.*, *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (quoting *Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987)) ("'Absent some personal involvement by [the supervisory official] in the allegedly unlawful conduct of his subordinates,' he cannot be liable under section 1983." (alteration in original)).

## CONCLUSION

The plaintiff's claims against Kirk Sendlein and Richard Brown are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  No summonses will issue against these defendants, and the Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

The plaintiff's claims may proceed against NYPD Detective Roberto Ascencio, NYPD Warrant Squad John Doe #1, NYPD Warrant Squad John Doe #2, NYPD Warrant Squad John Doe #3 and NYPD Warrant Squad John Doe #4.

The Clerk of Court will issue a summons as to NYPD Detective Roberto Ascencio.  Administrative Order No. 2020-12 suspends the United States Marshal's service of process during the current national coronavirus emergency.  Once service of process is reinstated, the summons, complaint, amended complaint and this order will be served upon Detective Ascencio by the United States Marshal Service without prepayment of fees.

As the true identities of the John Doe defendants are unknown at this time, the Court requests that Corporation Counsel ascertain the full name and service addresses of the John Doe Officers who arrested the plaintiff on January 7, 2016.  *See Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam).  Corporation Counsel need not undertake to defend or indemnify these individuals at this time.  This Order merely provides a means by which the plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

Corporation Counsel is hereby requested to produce the information regarding the identity and service address of the John Doe defendants within forty-five days of the entry of this Order.  Once this information is provided, the amended complaint will be deemed amended to reflect the full name and service addresses of the John Doe defendants, summonses will issue and the United States Marshal Service will serve the summonses, complaint, amended complaint and this Order upon them without prepayment of fees as set forth above.

The matter is referred to Magistrate Judge Bulsara for pretrial supervision.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

                                                             s/Ann M. Donnelly
                                                             ANN M. DONNELLY
                                                             United States District Judge

Dated: Brooklyn, New York
         June 11, 2020