UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAQUAN JONES,

              Plaintiff,

     *v.*

POLICE OFFICER ROBERTO ASSENCAO,
DETECTIVE VICTOR SADARANGANI, DETECTIVE
JOHN SHEEDY, DETECTIVE JAVISH ACEVEDO,
and DETECTIVE ANDREW CERASE

              Defendants.

**REPORT &
RECOMMENDATION**
20-CV-693-DG-SJB

**BULSARA, United States Magistrate Judge:**

      This report and recommendation resolves motions by defendants Police Officer

Roberto Assencao, Detective Victor Sadarangani, Detective John Sheedy, Detective

Javish Acevedo, and Detective Andrew Cerase seeking dismissal of the Amended

Complaint filed by pro se Plaintiff LaQuan Jones.  (Notice of Mot. dated Nov. 12, 2021,

Dkt. No. 41).  Jones alleges that Defendants violated his civil rights during his arrest and

prosecution in connection with a 2016 robbery.  The charges against him were

ultimately dismissed.  For the reasons outlined below, the Court finds that his federal

claims are time-barred; as such, it respectfully recommends that these claims be

dismissed, and the Court decline to exercise jurisdiction over his remaining state law

claims.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Jones initiated this action on January 31, 2020.[1]  January 31, 2020 was also the date he signed the Complaint.[2]  This initial Complaint named the United States as the sole defendant.[3]  The Honorable Ann M. Donnelly dismissed this Complaint because Jones did not allege that "the federal government or any federal official is responsible for his alleged constitutional injuries." *Jones v. United States*, No. 20-CV-693, 2020 WL 1289555, at *2 (E.D.N.Y. Mar. 18, 2020).[4]  Judge Donnelly added:

> Moreover, the plaintiff filed his complaint on January 31, 2020—over three years after the alleged conduct took place.  "Section 1983 actions filed in New York are . . . subject to a three-year statute of limitations." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013).  Accordingly, the plaintiff should explain why he filed his suit more than three years after the arrest.

*Id.* (alteration in original).

Jones filed an Amended Complaint on April 30, 2020.[5]  In the Amended Complaint, Jones sets forth a paragraph that contains labels for his claims brought pursuant to 42 U.S.C. § 1983—"false arrest, false imprisonment, unlawful detention violation of civil rights, violation of constitutional rights," in violation of the 4th, 5th,

---

[1] Compl. dated Jan. 31, 2020 ("Compl."), Dkt. No. 1.  For cases initiated by non-incarcerated plaintiffs, a "complaint is deemed filed when the Clerk of Court receives it[.]" *Kalican v. Dzurenda*, 583 F. App'x 21, 23 (2d Cir. 2014).

[2] Compl. at 7.

[3] *Id.* at 1.

[4] Judge Donnelly set a deadline of April 17, 2020 for Jones to file an amended complaint. *Jones*, 2020 WL 1289555, at *2.  He did not meet that deadline but instead filed the Amended Complaint on April 30, 2020.  Nonetheless, following an order from Judge Donnelly, the Clerk of Court—which had entered final judgment—reopened the case to permit the late filing.  *See* Dkt. Entry dated Apr. 29, 2020.

[5] Am. Compl. dated Apr. 30, 2020 ("Am. Compl."), Dkt. No. 6.

6th, 8th and 14th Amendments.[6]  Parsing the factual allegations in the Amended Complaint is not easy—it is a discursive set of allegations.  However, at its core, the pleading sets forth three federal claims, namely (1) for false arrest arising out of Jones's arrest in his Queens, New York home on the morning of January 7, 2016, allegedly for robbing a brothel;[7] (2) for malicious prosecution, arising out of the case brought by the Queens County District Attorney's office, which filed charges that were dismissed with prejudice on January 30, 2017;[8] and (3) for excessive force resulting from the conditions of his incarceration at Riker's Island, which ended on April 22, 2016.[9]

These allegations also form the basis of his state law claims that he labels as ones for negligence and gross negligence, assault and battery, intentional infliction of emotional distress and abuse of process.[10]  Jones separately alleges that between January 7, 2016 and April 22, 2016, the State of New York, the City of New York (the "City"), and the New York Police Department ("NYPD") knowingly caused and permitted the release of defamatory statements in public, damaging Jones.[11]  Based on these allegations he brings state law claims for libel, slander, and damage to reputation.[12]

---

[6] *Id.* at 3, 5 (cleaned up).  All referenced page numbers correspond to those generated by the Court's Electronic Case Filing system.

[7] *Id.* at 5–7, 9.

[8] *Id.* at 9.

[9] *Id.* at 5–9.

[10] *Id.* at 5 (cleaned up).

[11] Am. Compl. at 8.

[12] *Id.* at 5.

Jones named as defendants Assistant District Attorney Kirk Sendlein, former Queens District Attorney Richard A. Brown, Assencao,[13] Sadarangani, Sheedy, Acevedo, and Cerase.[14]  And although he makes factual allegations against the NYPD, the City of New York, and the State of New York, he does not name any of them as a defendant.  On June 11, 2020, Judge Donnelly dismissed the claims against Sendlein and Brown.  *Jones v. Ascencio*, No. 20-CV-693, 2020 WL 3104064, at *2 (E.D.N.Y. June 11, 2020).

<u>DISCUSSION</u>

Defendants move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on behalf of Cerase and Fed. R. Civ. P. 12(c) on behalf of the other remaining defendants.  (Defs.' Mem. of Law in Supp. dated Nov. 12, 2021, Dkt. No. 42 at 1).[15]

 The differing procedural postures do not affect the ultimate disposition.  The standards for Rule 12(b)(6) and Rule 12(c) motions are identical.  *See LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).  "The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of . . . claims for relief."  *Amadei v. Nielsen*, 348 F. Supp. 3d 145, 155 (E.D.N.Y. 2018) (citing *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007)).  In deciding such a motion, the Court must "construe the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the

---

[13] The Amended Complaint spells Assencao's last name as "Ascencio."  However, the caption was updated to reflect the correct spelling of his name following submission of a letter filed by the Office of Corporation Counsel regarding this mistake.  *See* Letter dated July 9, 2020, Dkt. 9 at 1–2.

[14] Am. Compl. at 2–4; *see also* Letter dated Oct. 2, 2020, Dkt. No. 13 at 1–2; Order dated Oct. 7, 2020.

[15] All of the Defendants except Cerase filed an answer on April 30, 2021.  *See* Am. Answer dated Apr. 30, 2021, Dkt. No. 27.

plaintiff's favor." *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019) (quotations and alteration omitted)*; Amadei*, 348 F. Supp. 3d at 155 ("[W]hen reviewing a complaint on a motion to dismiss for failure to state a claim, the court must accept as true all allegations of fact in the complaint and draw all reasonable inferences in favor of [the non-moving party]."). "Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss. Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted[.]" *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989). Once the facts are construed in the light most favorable to the non-moving party—here, Jones—to avoid dismissal there must be sufficient facts that allege a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal citation and quotations omitted). "A complaint that is time-barred fails to state a claim on which relief may be granted[.]" *Khalil v. Pratt Inst.*, 818 F. App'x 115, 116 (2d Cir. 2020).

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Where, as here, the complaint was filed *pro se*, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan*, 738 F.3d at 515 (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)); *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (same). "This is particularly so when the *pro se* plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*,

537 F.3d 185, 191 (2d Cir. 2008).  Nonetheless, even pro se complaints must contain sufficient factual allegations to allege a plausible claim.  *Hogan*, 738 F.3d at 515; *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

Each of Jones's federal claims is brought pursuant to 42 U.S.C. § 1983.  Section 1983 does not set forth a specific statute of limitations.  *Owens v. Okure*, 488 U.S. 235, 239 (1989).  The Supreme Court has directed lower courts to "apply the statute of limitations for personal injury actions under state law."  *Hogan*, 738 F.3d at 517 (2d Cir. 2013) (citing *Owens*, 488 U.S. at 249–51).  As such, section "1983 actions filed in New York are therefore subject to a three-year statute of limitations."  *Id.*; *Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015).  As to when the limitations period begins to run, that is "a question of federal law, conforming in general to common-law tort principles."  *McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019) (quotations omitted).  "That time is presumptively . . . 'when the plaintiff has a complete and present cause of action[.]'"  *Id.* (quotations omitted) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

Jones has alleged a bevy of section 1983 claims.  But as noted above, they can be grouped into three categories: (1) false arrest, (2) malicious prosecution, and (3) excessive force arising out of his detention at Riker's Island.

For a section 1983 false arrest claim, the statute of limitations "accrues at the time of detention."  *Dancy v. McGinley*, 843 F.3d 93, 111 (2d Cir. 2016).  And "damages for that claim cover the time of detention until issuance of process or arraignment, but not more.  From that point on, any damages recoverable must be based upon a malicious prosecution claim[.]"  *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006).

Jones was arrested on January 7, 2016.  As such, he had until January 7, 2019 to file a section 1983 lawsuit alleging false arrest.  This lawsuit was commenced on January

31, 2020, over a year after the limitations period expired, and this claim is therefore time-barred. *James v. New York City Police Dep't*, No. 16-CV-5682, 2019 WL 3451152, at *3 (E.D.N.Y. Mar. 4, 2019) ("Because James filed this action on September 23, 2016, three years and approximately six weeks . . . [after his arrest], his claims are time-barred[.]"); *Harrison v. New York*, 95 F. Supp. 3d 293, 327 (E.D.N.Y. 2015) (adopting report and recommendation) ("Plaintiff's false arrest claims accrued on February 17, 2011, the date he was arrested. . . . Plaintiff did not file his Complaint until February 26, 2014, which is beyond the three-year statute of limitations for his Section 1983 claims[.]"); *Bond v. City of New York*, No. 14-CV-2431, 2015 WL 5719706, at *3 (E.D.N.Y. Sept. 28, 2015) ("Bond has not challenged the City's estimation that he was arraigned on or about September 10, 2010.  The Court thus finds that the statute of limitations as to Bond's claims for false arrest and false imprisonment expired on or about September 10, 2013, well before he brought this action on April 15, 2014.").

As to his second claim, for malicious prosecution, the limitations period "accrues when the . . . prosecution terminates in favor of the accused[.]" *Spak v. Phillips*, 857 F.3d 458, 463 (2d Cir. 2017).  Favorable termination includes dismissal of criminal charges.  *E.g.*, *Sanders v. Simonovic*, No. 19-CV-5525, 2021 WL 707060, at *5 (S.D.N.Y. Feb. 23, 2021), *appeal dismissed*, No. 21-600, 2021 WL 4167369 (2d Cir. July 1, 2021).

 "[W]hen a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period." *Mickens v. United States*, 148 F.3d 145, 148 (2d Cir. 1998).  The start date is the "date of accrual." *Day v. Morgenthau*, 909 F.2d 75, 79 (2d Cir. 1990) (holding section 1983 action that accrued on December 12, 1985 required filing of lawsuit by December 12, 1988, not December 13).  And for Jones that date was January 30, 2017, the day the criminal

charges against him were dismissed with prejudice.  This means he was required to file his malicious prosecution claim by January 30, 2020.  He filed on January 31, 2020.

But his suit was more than a single day late; it was several weeks late.  The original Complaint was filed on January 31, 2020; the Amended Complaint, however, was only filed on April 30, 2020.  The original Complaint named only the United States as a defendant.  The current Defendants, all individuals, were only named as parties in the April 30, 2020 Amended Complaint.  As such, the time between January 31 and April 30, 2020 also constitutes elapsed days unless the Amended Complaint relates back to the original Complaint.  But it does not.

"Rule 15(c)(1)(C) provides the federal standard for relation back" when a plaintiff adds new parties.  *Hogan*, 738 F.3d at 517.  An amendment adding a party relates back to the date of the earlier pleading only if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading" and (1) "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment" "received such notice of the action that it will not be prejudiced in defending on the merits;" and (2) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(B)–(C)(ii).  In other words, besides establishing that the new pleading arises out of the same facts or conduct as the initial pleading, to add new defendants and have the pleading relate back, those new parties must (a) have received timely notice of the original allegations, and (b) not initially have been named because of a mistake.

Timely notice requires that the "party to be added received notice of the institution of the action within the period provided for serving the summons and

8

complaint under Rule 4(m)," *i.e.*, within 90 days of filing of the original complaint. *See* 6A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 1498.1 (3d ed. 2022); *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1076 (2d Cir. 1993) (analyzing Rule 15(c) relation back under prior Rule 4(m) 120-day requirement).  The notice need not be formal.  *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 554 n.5 (2010).

There are two varieties of mistake that permit relation back of a complaint adding new defendants: factual mistake, where the plaintiff misapprehends the identity of the individuals to be sued, and legal mistake, where the plaintiff misunderstands the legal elements of the cause of action.  *Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 36 (2d Cir. 1996) (citing *Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir. 1994)).  However, the Court of Appeals "has interpreted [Rule 15(c)(1)(C)] to preclude relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because the plaintiff did not know their identities."  *Hogan*, 738 F.3d at 517.  That is, "a mistake concerning the identity" of the proper party does not encompass situations where a plaintiff simply does not know the identity of one of the defendants; for example, relation back is precluded under Rule 15(c)(1)(C) where a plaintiff does not know the names of the officers against whom he seeks to assert a section 1983 claim.  *See, e.g.*, *id.* at 518 (quotations omitted); *Scott v. Vill. of Spring Valley*, 577 F. App'x 81, 82–83 (2d Cir. 2014).

Even if notice was deemed to exist here, Jones's failure to name the individual Defendants in the original Complaint was not a mistake.[16]  He simply chose to sue the United States as the defendant, and not any individuals.  In the Amended Complaint, he did successfully add the individual Defendants.  But a simple change of strategy or decision to pursue claims against new defendants does not constitute a mistake that permits relation back under Rule 15.  Nor is the fact that he did not know the identity of the John Doe defendants.  *See Hogan,* 738 F.3d at 518; *Scott*, 577 F. App'x at 82–83.  As such, the Amended Complaint does not relate back to the original Complaint.

Although the April 30 Amended Complaint does not relate back to the original Complaint filed on January 31, not all the time elapsed counts against Jones.  On March 20, 2020, New York's Executive Order 202.8 tolled the statute of limitations in New York because of the COVID-19 pandemic.  Courts have uniformly held that this Executive Order's tolling applies to federal section 1983 claims using the New York statute of limitations like this one.  *Rivera v. City of New York*, No. 20-CV-9968, 2022 WL 1523165, at *4 (S.D.N.Y. May 13, 2022) (collecting cases); *Rich v. New York*, No. 21 Civ. 3835, 2022 WL 992885, at *8 (S.D.N.Y. Mar. 31, 2022).  As such, the malicious prosecution claim was 50 days late—it should have been filed no later than January 30, but was filed effectively on March 20.

As to Jones's third claim, for excessive force and challenges to his treatment at Riker's Island, which arise under the Eighth Amendment, "the clock starts running

---

[16] The notice here is complicated.  There is some argument that the 90-day period *for service* was tolled during the pendency of his *in forma pauperis* application, *i.e.*, from January 31, 2020 to March 18, 2020, when it was granted.  And then the Court directed that service be effectuated by the U.S. Marshals Service, which was not completed until September 7, 2021.  The Court need not resolve the complications, since the other elements of relation back are not satisfied.

'when the use of force occurred.'" *Jennings v. Mun. of Suffolk Cnty.*, No. 11-CV-911, 2013 WL 587892, at *4 (E.D.N.Y. Feb. 13, 2013) (collecting cases) (quoting *Fairley v. Collins*, No. 09 Civ. 6894, 2011 WL 1002422, at *3 (S.D.N.Y. Mar. 15, 2011)); *Daniel v. Safir*, 175 F. Supp. 2d 474, 480 (E.D.N.Y. 2001) ("[C]ourts have repeatedly held that claims for . . . excessive force accrue on the date the arrest is made or the force is used[.]") (citing *Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997)), *aff'd*, 42 F. App'x 528, 528 (2d Cir. 2002).

Jones alleges that while he was in custody for 107 days at Rikers Island and/or other, unnamed New York City Department of Corrections facilities, he was subjected to "multiple strip searches" and "unlawful and offensive physical contacts." (Am. Compl. at 6, 10). Although Jones does not provide specific dates for this alleged mistreatment, because he alleges that it occurred while he was in custody, the latest he could have been treated in this way—and thus the latest this claim could have accrued—is April 22, 2016, the day he was released from custody. *See Rene v. Jablonski*, No. 08-CV-3968, 2009 WL 2524865, at *6 (E.D.N.Y. Aug. 17, 2009) ("[T]o the extent that scattered references in plaintiff's complaint to the 'tortures' and 'beating illegally without a cause' he endured while in prison relate to an inchoately-pled excessive force claim, such claims accrued, at the very latest, on the date that he was released from prison in 1998. Accordingly, the three year statute of limitations on any claim regarding alleged mistreatment while incarcerated expired, at latest, in 2001, and well before the instant lawsuit was filed.") (internal citations omitted). Therefore, his claim should have been filed by no later than the three-year anniversary of his release, April 22, 2019. It was not, and this claim therefore must be dismissed. *E.g.*, *id.*; *Helwing v. City of New York*, No. 18-CV-3764, 2021 WL 781794, at *6 (E.D.N.Y. Mar. 1, 2021) ("Because Plaintiff concedes that the

incident during which excessive force was allegedly used occurred sometime in December 2013, the three-year statute of limitations expired in December 2016, long before plaintiff filed this action on July 17, 2018."), *aff'd sub nom. Helwing v. Pszeniczny*, No. 21-843, 2022 WL 610341, at *2 (2d Cir. Mar. 2, 2022).

Jones makes a single argument in opposition. He gives the chronology of his state litigation, presumably as an explanation for why his federal lawsuit was untimely. (Opp'n dated Jan. 6, 2022, Dkt. No. 46 at 1–2). The argument is best construed as one contending that the section 1983 limitations period was tolled or suspended during the pendency of his state cases. The argument has no merit.

Here, Jones filed an action against the State of New York on April 26, 2017. (*Id.* at 3–6). He also attached the cover page of a transcript from a N.Y. Gen. Mun. Law § 50-h hearing, which was conducted pursuant to an action brought against New York City. (*Id.* at 14). That hearing took place on September 13, 2017. (*Id.*). Neither Jones nor counsel for Defendants explain whether there was a single lawsuit, or two different lawsuits (*i.e.*, one against the State and another against the City). An action initiated against the State of New York is one that is begun by filing a notice of claim and heard in the New York Court of Claims. *Gross v. Perales*, 72 N.Y.2d 231, 235 (1988) ("[W]here a party seeks only money damages against the State, the proper forum for such an action is the Court of Claims[.]"); *e.g.*, *Baez v. Hennessy*, 853 F.2d 73, 74 n.1 (2d Cir. 1988) ("Baez also sued the State of New York in the Court of Claims alleging false arrest, false imprisonment and malicious prosecution."). An action against the City is brought pursuant to N.Y. Gen. Mun. Law § 50-e through a similar notice of claim process. *Davidson v. Bronx Mun. Hosp.*, 64 N.Y.2d 59, 61 (1984) ("Service of a notice of claim -- the contents of which are prescribed by section 50-e . . . -- is a condition precedent to a

lawsuit against a municipal corporation.").  And a suit against the City can be brought in a New York state court of general jurisdiction, such as New York County or Supreme Court.  Both processes permit a defendant to conduct an examination of the plaintiff (the State pursuant to the Court of Claims Act § 17-a and the City pursuant to section 50-h).  *Alouette Fashions, Inc. v. Consol. Edison Co. of New York*, 501 N.Y.S.2d 23, 26 (1st Dep't 1986) ("Section 50-h grants the City a period of 90 days from the date of the filing of the notice of claim within which to serve a demand for examination of the claimant and also provides (in subd. 5) that once a demand for examination has been served, no action shall be commenced unless the claimant has complied with the demand for examination.") (emphasis omitted), *aff'd*, 69 N.Y.2d 787, 787 (1987).

Regardless of whether Jones pursued one or both of these avenues, they were state court processes that did not toll the limitations period on his section 1983 action.  "Although federal law determines when a section 1983 claim accrues, state tolling rules determine whether the limitations period has been tolled, unless state tolling rules would 'defeat the goals' of section 1983."  *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007)).  "[A] plaintiff's pursuit of a state remedy . . . does not toll the statute of limitations for filing a claim pursuant to section 1983."  *Id.* (filing of Article 78 proceeding does not toll section 1983 limitations period).  This is because state remedies are not prerequisites to bringing a section 1983 suit.  *Meyer v. Frank*, 550 F.2d 726, 729 (2d Cir. 1977).  As such, a party that seeks relief against either the State of New York in the Court of Claims or to obtain relief from the City using state procedures still must file any section 1983 action within the requisite three-year period.  *E.g.*, *Wright v. Rensselaer Cnty. Jail*, No. 917-CV-622, 2018 WL 10038804, at

*6 (N.D.N.Y. Mar. 30, 2018) ("Plaintiff's filing against New York State in the Court of Claims affords no basis for the tolling of the limitations period on . . . his Section 1983, *Bivens*, and ADA claims against the Rensselaer County Defendants and USM Doe."), *aff'd*, 771 F. App'x 58, 61 (2d Cir. 2019); *Stephanski v. Artus*, No. 16-CV-1155, 2017 WL 4233018, at *3 (N.D.N.Y. Aug. 11, 2017) (dismissing section 1983 claim on limitations ground and rejecting tolling arguments based on filing of Court of Claims actions), *report and recommendation adopted*, 2017 WL 4233061, at *1 (Sept. 22, 2017).[17]

In light of the dismissal of Jones's section 1983 claims, all that remain are his state law claims. A court "may decline to exercise supplemental jurisdiction over" state-law claims after it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c). The decision to decline supplemental jurisdiction is within the discretion of the district court. *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). When deciding whether to exercise its discretion over supplemental jurisdiction, a court "balances the traditional 'values of judicial economy, convenience, fairness, and comity[.]'" *Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (second alteration in original) (quoting *Cohill*, 484 U.S. at 350 n.7).

This is a typical case and there are no exceptional circumstances compelling the Court to retain jurisdiction over Jones's state law claims. Because all claims over which

_____

[17] Jones did not name any municipality as a defendant. It is axiomatic, therefore, that there cannot be any *Monell* liability.

the Court has original jurisdiction are dismissed, weighing the factors of judicial

economy, convenience, fairness, and comity, the Court respectfully recommends

supplemental jurisdiction over these claims not be exercised and they be dismissed

without prejudice.[18]  *E.g.*, *Lynch v. Suffolk Cnty. Police Dep't, Inc.*, 348 F. App'x 672,

676 (2d Cir. 2009) ("Because the District Court correctly dismissed each of plaintiff's §

1983 claims, and because we affirm the District Court's denial of leave to amend, 'all

federal-law claims' have been 'eliminated before trial' and all of the relevant factors—

'judicial economy, convenience, fairness, and comity'—'point toward declining to

exercise jurisdiction over the remaining state-law claims.'") (quoting *Valencia*, 316 F.3d

at 305); *Becker v. Cnty. of Suffolk*, No. 16-CV-1561, 2017 WL 5495815, at *8 (E.D.N.Y.

Mar. 3, 2017) ("In light of the dismissal of all federal claims in this action before trial, . .

. I decline to exercise supplemental jurisdiction over the remaining state law claims in

this action."); *Ellis v. Wilkinson*, 81 F. Supp. 3d 229, 238 (E.D.N.Y. 2015) (declining to

exercise supplemental jurisdiction over state law claims after finding all of plaintiff's

federal claims, including section 1983 claims, were either untimely or unripe); *Luciano*

*v. City of New York*, 684 F. Supp. 2d 417, 422–23 (S.D.N.Y. 2010) (declining to exercise

supplemental jurisdiction over state law claims where section 1983 claims deemed

untimely).

---

[18] In light of the recommendation not to exercise supplemental jurisdiction over the state law claims, the Court does not reach the merits of the arguments to dismiss these claims.  *Harris v. Viau*, No. 17-CV-9746, 2019 WL 1978596, at *8 (S.D.N.Y. May 3, 2019) ("[T]he Court does not need to reach merits of these [state law] claims because it declines to exercise supplemental jurisdiction over any state law claims.").

CONCLUSION

For the reasons explained above, it is respectfully recommended that all of Jones's federal claims, all of which arise under section 1983, be dismissed with prejudice, and the Court decline to exercise supplemental jurisdiction over any remaining state law claims and dismiss those claims without prejudice.[19]  Any objections to the Report and Recommendation above must be filed with the Clerk of Court within 14 days of receipt of this report.  Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.") (quotations omitted).

SO ORDERED.

*/s/ Sanket J. Bulsara*  6/28/2022
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

---

[19] Dismissing the section 1983 claims with prejudice is based on a determination that granting leave to amend here would be futile.  "A district court should not dismiss a pro se complaint without granting leave to amend unless doing so would be futile."  *Kalican*, 583 F. App'x at 22.  Here, Jones has already filed two complaints. And in any event, where the section 1983 claims are clearly barred by the statute of limitations, it is appropriate for a Court to conclude that amendment would be futile. *Helwing*, 2021 WL 781794, at *7 (dismissal with prejudice of time-barred claims and denial of leave to amend); *Ward v. City of New York*, No. 17-CV-3710, 2017 WL 6409021, at *3–*4 (S.D.N.Y. Sept. 18, 2017) (same), *aff'd*, 777 F. App'x 540, 544 (2d Cir. 2019); *Brodsky v. New York City Campaign Fin. Bd.*, No. 15-CV-3469, 2016 WL 1258986, at *2–*3, *3 n.3 (S.D.N.Y. Mar. 28, 2016) (adopting report and recommendation) (same), *aff'd sub nom. Brodsky v. Carter*, 673 F. App'x 42, 44 (2d Cir. 2016).